IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
MISCELLANEOUS DOCKET NO.: 5:05MC204
MISCELLANEOUS DOCKET NO.: 5:05MC205
MISCELLANEOUS DOCKET NO.: 5:05MC206

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RESOURCE DEVELOPMENT INTERNATIONAL, LLC, DAVID EDWARDS, JAMES EDWARDS, JADE ASSET MANAGEMENT, LTD., SOUND FINANCIAL SERVICES, INC., INTERCOASTAL GROUP, LLC, INTERCOASTAL GROUP II, LLC, KEVIN LYNDS, GERALD J. STOCK, BLACKWOLF HOLDINGS, LLC, and WILLIAM WHELAN, )<br>)<br>Defendants )<br>)<br>and )<br>)<br>PACIFIC INTERNATIONAL LIMITED PARTNERSHIP, INTERNATIONAL EDUCATION RESEARCH CORPORATION, GALAXY ASSET MANAGEMENT, INC., and DAVID CLUFF, individually and d/b/a RIVERA TRUST 410, )<br>)<br>Defendants Solely for<br>Purposes of Equitable Relief. ) | ORDER |

**THIS MATTER** is before the Court on the following Motions and Memoranda: (1)

Mary Wagner's *pro se* Motion to Quash Subpoena, filed August 25, 2005, and Memorandum in

1

Support, filed October 19, 2005, in case number 5:05mc204; (2) Richard Wagner's *pro se* Motion to Quash Subpoena, filed August 25, 2005 and Memorandum in Support, filed October 19, 2005, in case number 5:05mc205; (3) April Holdaway's *pro se* Motion to Quash Subpoena, filed August 25, 2005, in case number 5:05mc206; (4) Lawrence Warfield's, Receiver of Resource Development International, LLC, etc. ("Receiver"), "Motion to Compel, Motion for Sanctions, and Brief in Support," filed September 12, 2005, in case number 5:05mc206; (5) April Holdaway's *pro se* "Response and Reply to Motion to Compel, Motion for Sanctions, and Breif [sic] in Support," filed October 19, 2005, in case number 5:05mc204 and case number 5:05mc206; (6) Receiver's "Reply in Support of Motion to Compel and Motion for Sanctions, and Brief in Support," filed November 1, 2005, in case number 5:05mc206; (7) April Holdaway's *pro se* "Reply and Response to Receiver's Reply on Motion to Compel, Motion for Sanctions, and Breif [sic] in Support," filed December 1, 2005 in case numbers 5:05mc204, 5:05mc205, and 5:05mc206. These Motions are now ripe for disposition by the Court.[1]

Having carefully considered the arguments of the parties, the record, and the applicable authority, the Court will <u>deny as moot</u> Mary Wagner's, Richard Wagner's and April Holdaway's Motion to Quash Subpoena and <u>grant</u> the Receiver's Motion to Compel and Motion for Sanctions.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 25, 2002, the Securities and Exchange Commission ("SEC") filed *SEC v.*

---

[1] The Court notes that although the Receiver's Motion to Compel and Motion for Sanctions was only filed in Case Number 5:05mc206, since the Receiver seeks to compel the appearance of Mary Wagner, Richard Wagner and April Holdaway a/k/a April Wagner, and to obtain sanctions from each, this Order is entered in Case Numbers 5:05mc204, 5:05mc205, and 5:05mc206.

2

*Resource Development International, LLC*, Civil Action Number 3-02CV-0605H, in the United States District Court for the Northern District of Texas, Dallas Division ("Underlying Case"). (Warfield Decl. ¶ 2). The Underlying Case related to securities fraud and registration violations resulting from a "prime bank" fraud, or "Ponzi scheme," that raised nearly $100 million from investors. (Crawford Decl. Exh. A).

On March 25, 2002, the Northern District of Texas appointed Lawrence J. Warfield as Receiver and ordered him to collect, receive, and take exclusive custody, control, and possession of all assets of David and James Edwards, Resource Development International, LLC, Jade Asset Management, Ltd., Sound Financial Services, Inc., Intercoastal Group, LLC, Intercoastal Group II, LLC, and Blackwolf Holdings, LLC, as well as all assets in the custody, care, and control of Relief Defendants, Pacific International Limited Partnership, International Education Research Corp., Galaxy Assets Management, Inc. and David Cluff. ( *Id.*). These assets were obtained by these various entities through the operation of the Ponzi scheme. (Rec. Mot. to Compel p. 2). In order to make these collections, the Texas Court authorized the Receiver to institute lawsuits ancillary to the Underlying Case to recover assets from persons who received fraudulent transfers from the Ponzi Scheme. ( *Id.*). Since the Ponzi scheme never made any investments, all transfers made to individuals over and above amounts invested by those specific investors were actually other investors' funds. ( *Id.*). In compliance with Title 28, United States Code, Section 754, the Receiver filed certified copies of the Receivership Order and the SEC's Complaint in the Underlying Case in every federal judicial district, including the Western District of North Carolina, in which he believed such assets were located. (Warfield Decl. ¶ 3).

One ancillary case to the Underlying Cause was filed in the United States District Court

for the Northern District of Texas, *Warfield v. Carnie, et al.*, Case Number 3:01CV0481-R (the "*Carnie* Case"). As individuals who received Ponzi payments, Mary Wagner, Richard Wagner, and April Holdaway a/k/a April Wagner were named as defendants in the *Carnie* Case. (Rec. Mot. to Compel pp 2-3).[2]

On February 5, 2005, Mary Wagner, Richard Wagner, and April Wagner (collectively "Defendants") were served with the *Carnie* Complaint and Summons by certified mail, return receipt requested. (*See* Crawford Decl. Exh. B). Defendants failed to answer the *Carnie* Complaint. Accordingly, on March 4, 2005, the clerk entered default against Mary Wagner, Richard Wagner, and April Wagner. On May 5, 2005, the Texas Court entered Final Default Judgment against each Defendant. ( *Id.* Exhs. B, C).

On July 21, 2005, this Court issued Depositions Subpoena Duces Tecum for each Defendant, ordering Mary Wagner, Richard Wagner, and April Wagner to appear at a specified location in Winston Salem, North Carolina, at 9 a.m. on August 26, 2005. ( *Id.* Exh. E). Each Defendant was personally served by a process server with the Subpoena Duces Tecum. (*Id.*). On August 23, 2005, the Receiver and his counsel traveled to North Carolina from Phoenix, Arizona and Dallas, Texas respectively for the depositions. (Rec. Mot. to Compel pp. 3-4, Warfield Decl. ¶ 4, Crawford Decl. ¶ 8). On August 25, 2005, at 7:54 a.m., Richard Wagner telephoned Stephan Womack, the attorney who signed the Subpoenas, and left a message with excuses of Defendants' refusal to appear at the August 26 depositions, including that the Receiver was not registered in the Western North Carolina, Defendants were not named in the Underlying Case, Defendants only received copies of the Default Judgments through the mail, not in person, and

---

[2]The Court will refer to April Holdway as April Wagner throughout the remainder of the Order.

that Richard Wagner was scheduled for surgery on August 25. (Crawford Decl. ¶ 7). None of the Defendants appeared for the August 26 depositions and instead, on August 25, 2005, Defendants filed Motions to Quash. (*Id.* Exh. F).

## II. DISCUSSION

### A. Motions to Quash Subpoenas

Mary Wagner, Richard Wagner, and April Wagner all move to quash the Subpoenas Duces Tecum, which were personally served on Defendants on July 25, 2005. (Crawford Decl. Exh. E). Defendants' Motions to Quash were filed on August 25, 2005.

"[A] person commanded to produce and permit inspection and copying may, *within 14 days after service of the subpoena* . . . serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises." FED. R. CIV. P. 45(c)(2)(B) (emphasis added). Accordingly, since the Subpoenas Duces Tecum were served on Defendants on July 25, 2005, in order to be timely, Defendants' Motion to Quash had to be filed on or before August 8, 2005, fourteen days after they were served. Defendants did not file their Motions to Quash until August 25, 2005. Since Defendants did not timely file their Motions to Quash, they are <u>denied as moot</u>.[3]

### B. Motion to Compel and Motion for Sanctions

The Receiver moves to compel the attendance of Mary Wagner, Richard Wagner, and April Wagner at their respective depositions and further requests that the Court impose sanctions on Defendants for their failure to appear at their previously noticed depositions. (Rec. Mot. to

---

[3]Since Defendants did not timely file their Motions to Quash, the Court will not address the merits of these Motions.

Compel, Mot. for Sanctions pp. 1-2). In response, April Wagner contends that the Receiver's Motion to Compel and Motion for Sanctions should be denied because the Summons and Complaint were not properly served on Defendants, and the Receiver has no jurisdiction over Defendants. (A. Wagner Resp. and Reply to Mot. to Compel, Mot. for Sanctions pp. 2-6).

"Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." FED. R. CIV. P. 45(e). If an individual refuses to comply with a subpoena, the party serving the subpoena may seek an order from the court compelling the testimony and production of the requested documents. FED. R. CIV. P. 45(c)(2)(B). Additionally, "[a] court may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004) (quoting *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995)). "'The appropriate remedy for civil contempt is within the court's broad discretion.'" *The Christian Sci. Bd. of Dir. of The First Church of Christ, Scientist v. Robinson*, 123 F. Supp. 2d 965, 978 (W.D.N.C. 2000) (quoting *In re General Motors Corp.*, 61 F.3d at 259). Monetary sanctions in order to coerce obedience to a court order is appropriate in the context of civil contempt. *Robinson*, 123 F. Supp. 2d at 978 (quoting *In re General Motors Corp.*, 61 F.3d at 258).

A review of the documents in this case leads the Court to conclude that Defendants were properly served with the Summons and Complaint in the *Carnie* case. First, service of a summons is proper where such service is "pursuant to the law of the state in which the district court is located, or in which service is effected." FED. R. CIV. P. 4(e)(1). In North Carolina, service of process is permitted by "mailing a copy of the summons and of the complaint,

registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. GEN. STAT. § 1A-1(j). Here, Mary Wagner, Richard Wagner, and April Wagner were all served by certified mail, return receipt requested. (Crawford Decl. Exh. B). Thus, service of process on all Defendants was proper.

Additionally, the Receiver does have jurisdiction to depose Defendants.

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, *be vested with complete jurisdiction and control of all such property with the right to take possession thereof*. He *shall have capacity to sue in any district without ancillary appointment*. . . .

28 U.S.C. § 754 (emphasis added). Moreover, the Order issued in the Underlying Case states, "[t]he Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies." (Warfield Decl. Exh. A, ¶ 13). Additionally, a subpoena may be issued to and served upon non-parties. FED. R. CIV. P. 45(b)(1). Therefore, the Receiver had the right to serve the Subpoenas Duces Tecum on Mary Wagner, Richard Wagner, and April Wagner.

Since Defendants did not provide an adequate reason for failing to appear for their depositions or for refusing to produce the requested documentation, the Court concludes that finding each Defendant in civil contempt is proper. Moreover, as a sanction for this contempt, payment by Defendants of the costs and expenses related to their failure to appear for the August 25, 2005 depositions is appropriate. As averred to by the Receiver and his counsel, the costs and expenses related to Defendants' failure to appear for their depositions total $4,236.87. (Warfield Decl. ¶ 4; Crawford Decl. ¶¶ 8, 9). A review of the requested expenses and costs leads the Court

to conclude that $4,236.87 is an appropriate sanction for Defendants' failure to appear at their depositions and will compensate the Receiver and his counsel for their losses sustained as a result of the Defendants' contumacy.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Mary Wagner's Motion to Quash Subpoena, filed in case number 5:05mc204 is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Richard Wagner's Motion to Quash Subpoena, filed in case number 5:05mc205 is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that April Wagner's Motion to Quash Subpoena, filed in case number 5:05mc206 is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Lawrence Warfield's "Motion to Compel, Motion for Sanctions, and Brief in Support" is hereby **GRANTED**.  The Court finds Mary Wagner, Richard Wagner, and April Wagner in civil contempt for failing to comply with the Subpoenas Duces Tecum, which were personally served on Defendants on July 25, 2005.

**IT IS FURTHER ORDERED** that Mary Wagner, Richard Wagner, and April Wagner are hereby ordered to appear for their depositions in Winston Salem, North Carolina, at a mutually convenient date and time but no later than thirty (30) days from entry of this Order.

**IT IS FURTHER ORDERED** that Mary Wagner, Richard Wagner, and April Wagner <u>each</u> pay $1,412.29, for a total of $4,236.87, as costs and expenses resulting from Defendants' failure to appear for their August 26, 2005 depositions.  Specifically, $1,611.87 will be paid to the Receiver, Lawrence J. Warfield, and $2,625.00 will be paid to Kelly M. Crawford, attorney with the law firm of Scheef & Stone, LLP.

Signed: February 9, 2006

*Richard L. Voorhees*
Richard L. Voorhees
Chief United States District Judge